|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 9:10-CR-27 |
| § | |
| KEDRICK LEROY CRANFORD § | |

**MEMORANDUM AND ORDER**

Pending before the court is Kedrick Leroy Cranford's ("Cranford") *pro se* Motion to Clarify/Correct Judgment (#31), wherein Cranford requests that the court amend the judgment in his case to state that his federal sentence in this case run concurrently with his time in state custody, beginning November 19, 2010. Cranford's motion should be denied for two reasons.

First, it does not appear that Cranford is entitled to credit against his federal sentence beginning November 19, 2010. He committed the offense in this case on August 30, 2010, and was arrested only days later for a parole violation. On November 3, 2010, Cranford was indicted in this case, and he appeared for all court proceedings in federal court pursuant to a writ. Cranford was sentenced in this case on April 26, 2011, and he continued his term of incarceration for his parole violation as well as an unrelated offense. On July 16, 2015, Cranford was released from state custody and commenced his federal sentence. Thus, despite Cranford's allegations, he never served any time in state custody for the instant offense. All the time Cranford served in state custody was credited toward unrelated state sentences.

Second, the court's authority to reduce or modify a sentence is limited once a sentence of imprisonment has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011). Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously

imposed term of imprisonment only under the following circumstances: (1) when the court receives a motion from the Director of the Bureau of Prisons indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; and (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see Banks*, 770 F.3d at 348; *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

Here, Cranford fails to assert grounds for modification of his prison sentence that fall into any of the above-listed categories. Therefore, the court does not have authority to alter his sentence. *See United States v. Haley*, 401 F. App'x 913, 914 (5th Cir. 2010) (citing *United States v. Harris*, 574 F.3d 971, 972 (8th Cir. 2009) (opining that the district court does not have authority to revisit the consecutive versus concurrent sentencing decision)); *United States v. Castelan*, 73 F. App'x 80, at *1 (5th Cir. 2003) (citing *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994)); *United States v. Aguilar*, No. C-02-278, 2009 WL 2923052, at *4 (S.D. Tex. Sept. 1, 2009). Accordingly, Cranford's motion is DENIED.

SIGNED at Beaumont, Texas, this 20th day of December, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE